**Entered on Docket**
**April 23, 2021**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**




**Signed and Filed: April 23, 2021**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Bankruptcy Case |
| | ) | No. 18-30194-DM |
| REBECCA BROWN BRINSKELE, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Date: March 26, 2021 |
| | ) | Time: 10:30 AM |
| | ) | Via Tele/Videoconference |

**MEMORANDUM DECISION REGARDING IRS'S MOTION FOR SUMMARY JUDGMENT AND DEBTOR'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OBJECTION TO IRS'S CLAIM**

The Internal Revenue Service ("IRS" or "United States") and Edward A. Brinskele ("Spouse") have been at war for more than two decades, with the IRS repeatedly winning these legal battles. Rebecca Brown Brinskele ("Debtor") has now assumed the mantle from Spouse but the undisputed facts and governing law once again mandate a result in favor of the IRS as discussed below.

I. THE UNDERLYING PROOF OF CLAIM AND MOTIONS FOR SUMMARY JUDGMENT

On December 21, 2001, the United States assessed over $950,000 in trust-fund-recovery penalties against Spouse under 26 U.S.C. § 6672. The IRS filed a proof of claim that included

these trust fund penalties and a judgment relating to them. *See* Claims 1-1, 1-2, 1-3, and 1-4. Debtor filed an objection to the IRS's claim on July 16, 2019. *See* Debtor's Objection to Claim No. 1 of the IRS (dkt. 53) ("Claim Objection").

On November 30, 2020, the United States filed a motion for summary judgment (the "Motion") in opposition to the Claim Objection (dkt. 98). It asserted that Debtor is precluded from challenging taxes assessed against Spouse and that Debtor cannot meet her burden of showing that the IRS's claim has been paid. Debtor opposed the Motion and filed a cross-motion for summary judgment, asserting that tax transcripts reflect that the IRS's judgment lien had been removed, that the tax assessments against Spouse violated due process and constitutional law, and that she had standing to object to the assessments against Spouse. For the reasons set forth below, the court determines the IRS's position is well-taken and that Debtor's position is inconsistent with existing judicial rulings regarding the tax assessments against Spouse.

II. UNDISPUTED FACTS

On May 30, 2002, the United States recorded a Notice of Federal Tax Lien with the Marin County Assessor-Recorder Clerk's office for an unpaid assessment of $957,146.40 against Spouse. *See* Exhibit 2 appended to the first supplemental declaration of Mahana K. Weidler (dkt. 113). Spouse paid a portion of the assessed amount, but thereafter unsuccessfully sued the United States for a refund in the U.S. Court of Federal Claims. *Id.* at 4.

The United States filed a counterclaim in the Court of Federal Claims for the balance of the assessments, prevailed at trial, and was awarded a judgment of $1,514,140.14 plus statutory interest against Spouse on September 3, 2009 (the "Judgment"). See Judgment, *Brinskele v. United States of America*, No. 1:02-cv-00911-NBF (Cl. Ct. Sept. 3, 2009). Spouse appealed the Judgment but lost. *See Brinskele v. United States*, 397 F. App'x 662 (Fed. Cir. 2010).

The United States recorded an abstract of the Judgment in Marin County on June 23, 2011. *See* Claim Objection at 4; *see also* Certified Abstract of Judgment (appended to the Motion at dkt. 98-7 and appended to the first supplemental declaration of Mahana K. Weidler at dkt. 113). The recorded abstract indicated that, pursuant to 26 U.S.C. § 3201, its filing created a lien (the "Judgment Lien") on all real property of Spouse that has priority over all other liens or encumbrances which are perfected later in time. The Judgment Lien is effective, unless satisfied, for a period of 20 years (i.e., until June 23, 2031) and may be renewed by filing a notice of renewal. *See id; see also* 26 U.S.C. § 3201.

On April 23, 2012, Spouse quit-claimed his interests in certain real property located in Nicasio, California (the "Property") to Debtor. Debtor values that Property at $1,595,000.00 on her schedules.

Separately, an IRS tax account transcript dated April 20, 2020, pertaining to Spouse (dkt. 106-1) reflects a "removed lien" in the amount of $0.00 from Spouse's account on January



Case: 18-30194 Doc# 115 Filed: 04/23/21 Entered: 04/23/21 11:33:41 Page 3 of 10

27, 2012. *See Transcript* at dkt. 106-1, pg. 29 of 72. The type of lien is not disclosed on the transcript, but counsel for the IRS indicated in its response and at the hearing that it pertains to the 2002 tax lien, and not to the Judgment Lien. Counsel for Debtor conceded at the hearing that the nature of the "removed lien" has been clarified and the removal of the lien reflected on the tax transcript is unrelated to and does not affect the Judgment Lien.

Debtor filed this chapter 11 case on February 23, 2018 and seeks a judicial determination through the cross-motion that the Judgment Lien is unenforceable against the Property as a matter of law and undisputed fact. Conversely, the IRS seeks summary judgment that its Judgment Lien remains enforceable even if Debtor now holds title to the Property owned by Spouse at the time the IRS recorded the Judgment Lien. For the reasons set forth below, the court concludes that under governing law, the IRS must prevail.

## III. STATEMENT OF ISSUES

A. Is the Judgment Lien enforceable against the Property?

B. Is Debtor barred by issue or claim preclusion from challenging the merits of the IRS's Judgment against Spouse?

## IV. DISCUSSION

### *A. Enforceability of the Judgment Lien*

The record unquestionably shows that the Judgment Lien itself remains on the real property records of the Marin County

Recorder’s Office and has not been cancelled, revoked, or otherwise rendered ineffective.

The Judgment against Spouse created the enforceable Judgment Lien when IRS recorded its abstract of judgment, as provided in 26 U.S.C. § 3201(a):

> **(a)** **Creation.** -- A judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of section 6323(f) of the Internal Revenue Code of 1986. A lien created under this paragraph is for the amount necessary to satisfy the judgment, including costs and interest.

Section 6323(f) of the Internal Revenue Code, in turn, requires a notice of lien to be filed in “one office within the State or the county (or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is located.”

As noted in subsections (b) and (c) of 26 U.S.C. § 3201, the Judgment Lien created has priority over any later-perfected encumbrances and is effective for 20 years, subject to renewal. Most importantly, such a judgment lien “shall be released on the filing of a satisfaction of judgment or release of lien <u>in the same manner as the judgment is filed to obtain the lien</u>.” 26 U.S.C. § 3201(d)(emphasis added). No such release has been recorded in accordance with Internal Revenue Code § 3201(d). Accordingly, the Judgment Lien against the Property remains effective through at least June 23, 2031.

The Judgment Lien remains enforceable. The Judgment remains unsatisfied, the IRS has not released the Judgment Lien

and no release of the Judgment Lien has been recorded in the Marin County.

*B. Debtor's Standing to Challenge Validity of Taxes Purportedly Owed by Spouse*

In 2006, the IRS announced that it would no longer require customers of long-distance phone carriers like those owned by Spouse through MTC Telemanagement Corp. to pay excise taxes and set up a rebate/credit program for such customers. In short, the IRS no longer imposes an excise tax on certain types of long-distance communications and set up a procedure to issue credits and provided rebates billed to customers between February 28, 2003 and August 1, 2006.

Spouse has repeatedly asserted that the United States should offset his tax obligations with these credits, although courts have repeatedly denied the relief he seeks, holding that owners/operators of long distance telecommunications companies are not customers for whom the tax rebate program was designed. *See, e.g, Brinskele v. United States*, 73 Fed. Cl. 227, 227 (2006)("*Brinskele I*"), *reconsideration denied,* 2006 WL 5726105 (Fed. Cl. Dec. 5, 2006)("*Brinskele II"*)(court denies motion for reconsideration; denies motion to refund excise tax payments to Spouse and orders him to remit excise taxes already paid by customers even though such taxes are no longer chargeable to customers); *Brinskele v. United States*, 88 Fed. Cl. 334 (2009) ("*Brinskele III")* (holding that telecommunications company owned by Spouse collected federal excise tax but failed to pay over portion of that tax to IRS; Spouse, as owner, was

responsible person for paying over tax; Spouse acted willfully in failing to pay over taxes already paid by customers; and amount of penalty assessment was not erroneous, even if such taxes are no longer chargeable to customers). The Federal Circuit, acting *per curiam*, affirmed *Brinskele III. See Brinskele v. U.S.*, 397 Fed. Appx. 662, 2010 WL 4085181 (Fed. Cir. 2010).

Debtor is now challenging the merits of these trust fund recovery penalty assessments against Spouse. These arguments have already been raised by Spouse before other courts which in turn have rejected them. Any statute of limitations would have already tolled with respect to a rebate program that expired on August 1, 2006. The court finds that Debtor has not pled a cognizable claim for relief and her cross-motion must be denied. Debtor held no interest in the Property until *after* the IRS recorded its Judgment Lien. Whatever rights she acquired are subject to the Judgment Lien. Moreover, the court rejects Debtor's unsupported theory that the IRS has released its Judgment Lien when it released the prior 2002 lien.

Spouse unsuccessfully presented similar arguments to multiple courts, as discussed above. Ironically, she asserts that res judicata bars the IRS from exercising its remedies here because other taxpayers have prevailed against the IRS on similar grounds. She, however, does not stand in privity with those unknown parties; she stands in privity with Spouse, who quitclaimed the Property to her after the Judgment Lien was recorded.

The remaining arguments by Debtor in opposition to the Motion are rejected. She has not been denied due process. She acquired Spouse's interest in the Property after all of his efforts had been exhausted and took it with all of its burdens. She has no personal liability by virtue of this decision. Her "Additional Due Process Concerns" and complaints about the Excessive Fines Clause of the Eight Amendment are without merit.

The court has also considered the post-hearing filings by both parties (dkts. 113 and 114). Debtor's submission of portions of the record in the case of MTC Telemanagement Corp. (No. 97-12893), does not change the outcome. Debtor has not established what happened or did not happen in that case compels a different result here.

V. CONCLUSION

For the foregoing reasons, the court will GRANT the IRS's motion for summary judgment and DENY Debtor's cross-motion for summary judgment and overrules the Claim Objection. It is concurrently entering orders to that effect.

The court will conduct a Status Conference in this Chapter 11 case on May 13, 2021, at 9:30 AM.

Due to the Coronavirus (COVID-19) threat, the Courthouses for the United States Bankruptcy Court for the Northern District of California are closed to the public until further notice. *See* the Court Operations During COVID-19 Outbreak at https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak. No hearings are conducted in person. All hearings will be conducted by telephone or video

conference (unless otherwise noted). Please review the specific calendar page (pdf) posted on the Bankruptcy Court’s website for further instructions one week prior to the hearing.

*** END OF MEMORANDUM DECISION ***

COURT SERVICE LIST

ECF Recipients



Case: 18-30194 Doc# 115 Filed: 04/23/21 Entered: 04/23/21 11:33:41 Page 10 of 10